**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the F ifth Circuit

---

m 06-30489

---

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,

Plaintiff-Appellant,

VERSUS

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Middle District of Louisiana
m 3:05-CV-352

---

Before GARWOOD, SMITH, and DEMOSS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

National Union Fire Insurance Company

("National Union") sued Liberty Mutual Insurance Company ("Liberty Mutual"), seeking coverage under a policy. The district court granted summary judgment for Liberty Mutual, and we affirm.

## I.

This case arises out of a dispute between Rubicon, Inc. ("Rubicon"), and S&B Engineers and Constructors, Ltd. ("S&B"), which Rubicon hired to provide engineering contract services for an expansion project. As part of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this project, S&B obtained weld shop fabricated pipes from American Pipe Fabricating, Inc. ("American Pipe"). In the middle of the project, Rubicon terminated S&B's involvement, litigation ensued, and Rubicon sued S&B for breach of contract, negligence in performing its duties, and negligent misrepresentation, among other causes of action.

S&B and Rubicon settled the suit, and S&B sought payment from its insurer, National Union, for the costs of the suit. National Union and S&B settled that claim, and S&B assigned its rights against any third parties to National Union.

In the instant case, National Union sues Liberty Mutual, American Pipe's insurer, to recover the amount of the settlement to Rubicon that resulted from American Pipe's defective work, based on two theories. First, National Union argues that S&B was an additional insured under Liberty Mutual's insurance policy for American Pipe. Liberty Mutual admits that S&B was an additional insured but asserts that S&B cannot recover in this case because of the "your work" and "your product" exclusions in the policy.[1] National Union argues that S&B was not excluded under these provisions, because S&B was not "you" as defined by the contract,[2] so the exclusions applying to "you" did not apply to S&B.

Moreover, National Union contends that the "your work" exclusion is inapplicable here because of the subcontractor exception: American Pipe acted as a subcontractor to S&B, so the "your work" exclusion does not apply.[3]

Second, National Union urges that Liberty Mutual was obligated to fulfill American Pipe's promise to indemnify S&B for losses resulting from American Pipe's services. As part of the purchase order between S&B and American Pipe, American Pipe promised to carry insurance[4] and indemnify S&B.[5] As

---

[1] The policy excludes (1) "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"; and (2) "'Property damage' to 'your product' arising out of it or any part of it."

[2] The policy defines "you": "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."

[3] Only the "your work" exclusion has a subcontractor exception; the "your product" exclusion does not. After laying out the "your work" exclusion, the policy states that "[t]his exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."

[4] The purchase order states:

Seller must maintain at all times with a reliable insurance carrier or carriers, at Seller's sole expense, insurance policies providing sufficient coverage and limits to cover the liabilities assumed under this agreement. Insurance policies provided by Seller shall include but are not limited to General Liability, including coverage for Products and Complete Operations and Contractual Liability, Automobile

[5] The purchase order states:

To the maximum extent permitted by applicable law, Seller shall defend, indemnify and hold harmless FBD [S&B's affiliate], and its affiliated companies, subsidiaries and clients from and against any and all loss, damage, claims, suit, liability, strict liability, product liability, judgement and expense (including attorney's fees and other costs of litigation) and any fines, (continued...)

American Pipe's insurer, Liberty Mutual would be obligated to fulfill this promise. Liberty Mutual, however, contends that American Pipe's obligation to indemnify S&B was excluded from Liberty Mutual's policy with American Pipe by the contractual liability exclusion.[6] National Union retorts that the purchase order qualifies as an insured contract, obviating that exclusion.[7] Liberty Mutual rea

sons that American Pipe and S&B's contract is not an insured contract because S&B was an engineer, and Liberty Mutual's insurance policy with American Pipe excludes engineering services from the definition of insured contracts.[8]

## II.

"This Court reviews grants of summary judgment *de novo*, applying the same standard as the district court, viewing the evidence in a light most favorable to the non-movant." *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 560 (5th Cir. 2003). "If the court finds no ambiguity [in an insurance policy], the court's duty is to enforce the policy according to its plain meaning." *Valmont Energy Steel, Inc. v. Commercial Union Ins. Co.*, 359 F.3d 770, 773 (5th Cir. 2004).

## A.

National Union seeks coverage as an additional insured, arguing the "your work" and "your product" exceptions do not apply to S&B because "you" was defined in the contract as American Pipe, not additional insureds

---

[5](...continued)
penalties and assessments arising out of injury to, disease or death of, or damage to or loss of property of, persons (except for Seller's property, employees, agents or subcontractors) resulting from or in connection with the execution of this order by Seller, its agents or subcontracts to the extent and proportion caused by the sole, concurrent, or contributory negligence or other fault of Seller, its agents or subcontractors. Liability and Workers' Compensation including employers Liability coverage. All Policies, excepting Workers' Compensation shall include FBD and its affiliated companies, subsidiaries and clients as additional insureds."

[6] Liberty Mutual's contract with American Pipe excludes coverage for

'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) Assumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement; or

(2) That the insured would have in the absence of the contract or agreement.

[7] The insurance policy defined an insured con-
(continued...)

---

[7](...continued)
tract as "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization."

[8] The definition of an insured contract "does not include any contract or agreement: . . . (2) That indemnifies an architect, engineer or surveyor for injury or damages arising out of: (a) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage . . . ."

such as S&B. We take as a given that "you" in this policy only means American Pipe, according to the policy's definition of that word. Read with that definition, the policy excludes claims based on American Pipe's work or product, because American Pipe is substituted for you in those exclusions. With that substitution, the policy excludes (1) "'Property damage' to '[American Pipe's] work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"; and (2) "'Property damage' to '[American Pipe's] product' arising out of it or any part of it."

S&B's claim as an additional insured is based on American Pipe's work or product. S&B is correct that if S&B's work or product had been the basis of the suit, these exclusions would not apply, but they do apply in this case because American Pipe's work or product is the cause of the claim.

National Union points us to *Chevron Chemical Co. v. Factory Compressor Parts, Inc.*, 1993 WL 329999 (E.D. La. Aug. 23, 1993), to support its position. Instead of bolstering National Union's argument, however, *Chevron Chemical* confirms the effect we have given to the terms of the policy here. In that case, an insurance policy excluded "bodily injury or property damage arising out of the alleged or threatened discharge, dispersal, release or escape of pollutants . . . at or from premises you own, rent or occupy." *Id.* at *2 (internal quotations omitted). The "you" was defined in the policy as the named insured in the declaration, and the named insured was Factory Compressor Parts. *Id.* at *3. Because the damage from pollutants occurred on Chevron's and not Factory Compressor Parts's premises, the exclusion did not apply on those facts: "[T]he pollution exclusion only applies to claims for bodily injury which arise from the discharge, dispersal, release or escape of pollutants from premises owned by Factory (the only insured included in the policy's definition of 'you')." *Id.*

The instant case has different facts, but our reading of the insurance policy comports entirely with *Chevron Chemical*'s reading of the policy in that case. In both cases, the named insured is substituted for "you" in the policy. Though the substitution in that case meant that the exclusion did not apply because the premises were not owned by "you," in this case the exclusion does apply, because the work or product serving as the basis of the claim was "yours"SSAmerican Pipe's.

Substituting "American Pipe" for "you" in the subcontractor exception similarly reveals that S&B is not entitled to relief under that exception. The policy says that the "your work" exclusion does not apply "if the damaged work or the work out of which the damages arises was performed on your behalf by a subcontractor." Because the contract defines "you" as American Pipe, the exception applies when someone else does work as American Pipe's subcontractor, not when American Pipe is a subcontractor. "[O]n your behalf" becomes "on American Pipe's behalf," so S&B cannot obtain the benefit of this exception, because no one worked on American Pipe's behalf. S&B was excluded from coverage because American Pipe's work or product was the basis of the claim, and American Pipe did not hire a subcontractor to work on its behalf, so the district court correctly determined that S&B's claim was excluded.

### B.

National Union seeks coverage pursuant to the purchase order between S&B and American Pipe in which American Pipe agreed to

4

defend and indemnify S&B. National Union asserts that Liberty Mutual, as American Pipe's insurer, is liable to S&B for this obligation.

Because the basis of S&B's claim is American Pipe's work or product, the indemnity provision in the purchase order does not provide a way for S&B to be covered by Liberty Mutual's policy. The indemnity provision was never triggered.

American Pipe promised to indemnify S&B for claims "arising out of injury to, disease or death of, or damage to or loss of property of, persons (except for Seller's property, employees, agents or subcontractors) . . . ." This provision excludes damage to property of American Pipe, as the "Seller." Without damages beyond damages to American Pipe's own work or product, the indemnity provision was never triggered, and Liberty Mutual is not obligated to pay National Union on this basis.

AFFIRMED.